# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Inez Tito Lugo,<br><br>    Petitioner,<br><br>    v.<br><br>Suzan Hubbard, et al.,<br><br>    Respondents. | CASE NO. CV 06-984-GHK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Inez Tito Lugo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition").[1] We have considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). As the Parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows.

**I.    Petitioner's Liberty Interest In Parole and Our Standard of Review**

Respondent argues that California prisoners do not have a constitutionally protected liberty interest in a parole date. Respondent is incorrect. The Ninth Circuit,

---

[1] Although Petitioner named Martin Veal in his Petition, the correct Respondent is Suzan Hubbard, Acting Warden.

interpreting California law, has held that California prisoners have a constitutionally protected liberty interest in a parole date which cannot be deprived without due process of law. *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *see also Irons v. Carey*, 505 F.3d 846, 850–51 (9th Cir. 2007). Petitioner's claim that the Board's denial of parole deprived him of due process is cognizable on this Petition.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Superior Court's decision[2] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Sass*, 461 F.3d at 1127.

Respondent contends that use of the "some evidence" standard in the parole context is not clearly established by the Supreme Court for purposes of AEDPA. The Ninth Circuit has rejected this argument. *Sass*, 461 F.3d at 1128–29. In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, the Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." 472 U.S. 445, 454 (1985) (internal citations omitted). Although the Supreme Court has not specifically identified what standard should be used in the parole context, it follows from *Hill* that due process must be satisfied and the "some evidence" standard is a minimal standard. To hold that less than the "some evidence" standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest-that in parole-without support or in an otherwise arbitrary manner. *Sass*, 461 F.3d at 1128–29. Therefore, the some-evidence standard applies in parole

---

[2] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

denial hearings. *Id.*

## II. Discussion

The instant Petition is directed at the Board's 2003 decision to deny Petitioner a parole date. Petitioner's first contention is that the Board's decision was not based on some evidence.

To determine whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [factfinder]," which in this case is the Board. *Hill*, 472 U.S. at 455–56. However, evidence underlying the Board's decision must have some indicia of reliability. *Jacsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Hodge v. Carey*, 2007 WL 163247, at *7 (E.D. Cal. Jan. 18, 2007).

The Board denied parole because: (1) the commitment offense was carried out in a cruel manner; (2) there was no explicable motive for the crime; (3) Petitioner has a lengthy adult criminal record, including multiple failed attempts to correct his criminal behavior; (4) Petitioner has not participated in sufficient self-help programs; (5) the psychological assessment of 2003 did not provide the Board with an assessment of dangerousness; (6) Petitioner's gains were only recent compared to his long criminal record; and (7) the positive aspects of Petitioner's behavior did not yet outweigh the factors of unsuitability. We conclude that at a minimum, factors 1, 3–4, and 6–7 were based on reliable evidence, and we agree with the California Superior Court that the Board's conclusion that Petitioner was unsuitable for parole was based on some evidence.

Petitioner next contends that the Board violated his due process rights by relying on unchanging factors in denying parole.

Petitioner's argument fails for two reasons. First, as discussed above, the Board did not rely solely on unchanging factors. Second, due process is not violated when a prisoner is deemed unsuitable for parole based on unchanging factors prior to the

expiration of their minimum terms. *Irons v. Carey*, 505 F.3d 846, 853–54 (9th Cir. 2007). As of 2003, Petitioner could not have served the minimum 17 years of his sentence for a 1989 murder.

Petitioner's final contention is that the Board violated his liberty interest by failing to apply his good behavior credits to reduce his sentence.

Petitioner bases this claim on his calculation of an appropriate parole date based on California Code of Regulations Title 15 Section 2403. However, Section 2403 only applies when the prisoner has been found suitable for parole. *See* 15 Cal. Code of Regulations § 2403(a); *In re Dannenberg*, 34 Cal. 4th 1061, 1080 (2005). As stated above, Petitioner was not found suitable for parole. Thus, this argument is without merit.

### III. Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED**.

DATED: March 31, 2009

_____
GEORGE H. KING
United States District Judge[3]

_____

[3] United States District Judge for the Central District of California sitting by designation.